UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NANCY NAGLE,

                     Plaintiff,

-against-

PAULA MARRON, individually, PAUL R. FRIED,
individually, STEVEN CASTAR, individually,
ROSEMARY COLETTI, individually, BARBARA
MERLING, individually, and the MAMARONECK
UNION FREE SCHOOL DISTRICT, New York,

                     Defendants.
------------------------------------------------------------------x

Docket No.: 07 CIV 2860
(SCR)

**ANSWER**

Defendants, MAMARONECK UNION FREE SCHOOL DISTRICT (the "District"), PAUL R. FRIED, STEVEN CASTAR, ROSEMARIE COLETTI s/h/a ROSEMARY COLETTI, and BARBARA MERLING, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, hereby answer plaintiff's complaint dated April 4, 2007 ("the complaint"), upon information and belief, as follows:

### NATURE OF THE ACTION

1. Deny the allegations contained in paragraph "1" of the complaint.

### JURISDICTION

2. Deny the allegations contained in paragraph "2" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

### THE PARTIES

3. Deny knowledge or information sufficient to form a belief as to the residency of plaintiff, admit that the District hired plaintiff as a probationary Special Education teacher in or about 2004, and deny all other allegations contained in paragraph "3" of the complaint.

1

4. Admit that the District employed defendant Paula Marron as the Assistant Principal of the Chatsworth Avenue School during the relevant period as alleged in paragraph "4" of the complaint.

5. Admit that the District employed defendant Paul R. Fried as its Superintendent of Schools during the relevant period as alleged in paragraph "5" of the complaint.

6. Admit that the District employed defendant Steven Castar as the Principal of the Chatsworth Avenue School during the relevant period as alleged in paragraph "6" of the complaint.

7. Deny the allegations contained in the paragraph "7" of the complaint, except admit that the District employed defendant Rosemarie Coletti as the District's Assistant Superintendent for Personnel and Administration during the relevant period.

8. Admit that the District employed defendant Barbara Merling as a school psychologist during the relevant period as alleged in paragraph "8" of the complaint.

9. Deny the allegations contained in the paragraph "9" of the complaint, except admit that the defendant District is duly authorized under the laws of the State of New York and that the District's offices are located at 1000 W. Boston Post Road, Mamaroneck NY.

## THE FACTS

10. Deny knowledge or information sufficient to form a belief as to the reasons for the termination of plaintiff's prior employment or the related media coverage, and deny all other allegations contained in paragraph "10" of the complaint.

11. Deny the allegations contained in paragraph "11" of the complaint, except admit that both plaintiff and Paula Marron have denied authoring the signature on the document.

12. Deny the allegations contained in paragraph "12" of the complaint, except admit that both plaintiff and Paula Marron have denied authoring the signature on the document.

13. Deny the allegations contained in paragraph "13" of the complaint, except admit that plaintiff has denied authoring the signature on the document and the police were called at plaintiff's request.

14. Deny the allegations contained in paragraph "14" of the complaint, except admit that plaintiff has provided a handwriting analysis report to the District.

15. Deny the allegations contained in paragraph "15" of the complaint.

16. Deny the allegations contained in paragraph "16" of the complaint, except admit that the District denied tenure to plaintiff.

17. Denies the allegations contained in paragraph 17 of the complaint (misnumbered paragraph number "76").

### AS AND FOR A RESPONSE TO PLAINTIFF'S CLAIM

18. Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "17" of this Answer as if more fully set forth at length herein.

19. Deny the allegations contained in paragraph "19" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, and in the lawful exercise of their discretion.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. The defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Any injury alleged resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Defendants had legitimate, non-discriminatory reasons for their actions that had nothing to do with plaintiff's alleged First Amendment activities.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff did not speak out on a matter of public concern.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. Punitive damages are not recoverable in this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. The individual defendants are entitled to qualified immunity and/or absolute immunity from suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. There is no retaliatory predicate.

**WHEREFORE**, defendants, MAMARONECK UNION FREE SCHOOL DISTRICT, PAUL R. FRIED, STEVEN CASTAR, ROSEMARIE COLETTI s/h/a ROSEMARY COLETTI, and BARBARA MERLING respectfully request judgment: 1) dismissing the

Complaint in its entirety, with prejudice; 2) awarding defendants the costs of this action, including reasonable attorneys' fees; and 3) ordering such other and further relief that this Court may deem just, equitable, and proper.

DATED:    Mineola, New York
            May 29, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendants
MAMARONECK UNION FREE SCHOOL
DISTRICT, PAUL R. FRIED, STEVEN
CASTAR, ROSEMARIE COLETTI s/h/a
ROSEMARY COLETTI, and BARBARA
MERLING

Steven C. Stern (SS-2573)
Adam I. Kleinberg (AK-0468)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-326

To:  Jonathan Lovett (JL-4854)
     LOVETT & GOULD, LLP
     Attorneys for Plaintiff
     222 Bloomingdale Road
     White Plains, New York 10605
     (914) 428-8401