UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NANCY L. NAGLE,

                        Plaintiff,                07 CIV. 2860 (SCR)

       - against -

PAULA MARRON, individually, PAUL
R. FRIED, individually, STEVEN CASTAR,
individually, ROSEMARY COLETTI,
individually, BARBARA MERLING,
individually, and the MAMARONECK
UNION FREE SCHOOL DISTRICT,
New York,

                        Defendants.
--------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**


                                                      Of Counsel: Lewis R. Silverman

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** ..........................................................................................1

**STATEMENT OF FACTS** ................................................................................................... 1

**STANDARD OF REVIEW** ................................................................................................. 3

**ARGUMENT**......................................................................................................................... 4

    POINT I

    Plaintiff's 42 U.S.C. § 1983 Retaliation Claim Should Be Dismissed
    Because The Plaintiff Cannot Establish A Prima Case......................................................4

        A.     The Plaintiff's Speech Is Not A Matter Of Public Concern.......................4

              1.     The Plaintiff's Speech During Her Employment With the
                      Henrico Schools Is Not A Matter Of Public Concern To
                      The District Community................................................................5

              2.     The Plaintiff's Forgery Complaint Is Not A Matter Of
                      Public Concern................................................................................6

        B.     The Plaintiff Did Not Suffer An Adverse Action At The
              Hands Of Marron..................................................................................8

        C.     The Plaintiff Cannot Establish A Causal Connection...............................10

    POINT II

    Defendant Marron Is Entitled To Qualified Immunity...................................................... 12

**CONCLUSION**...................................................................................................................14

## TABLE OF AUTHORITIES

**Cases:**

Anderson v. Creighton,
    483 U.S. 635, 639 (1987)..................................................................................................12, 13

Bell Atlantic Corp. v. Twombly,
    127 S.Ct. 1955, 1960.................................................................................................................3

Bolt Elec. Inc. v. City of New York,
    53 F.3d 465, 469 (2d Cir. 1995)...............................................................................................3

Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free School Dist.,
    411 F.3d 306 (2d Cir.1995)....................................................................................................11

Cahill v. O'Donnell,
    75 F.Supp.2d 264, 272 (S.D.N.Y. 1999)..........................................................................5, 7, 9

Cioffi v. Averill Park Central School Dist. Bd. of Educ.
    444 F.3d 158, 163-64 (2d Cir. 2006).................................................................................5, 6,10

City of San Diego, Cal. v. Roe,
    543 U.S. 77, 83-84 (2004).....................................................................................................5, 6

Connick v.Meyers,
    461 U.S. 138, 145 (1983).......................................................................................................5, 7

Cortec Indus., Inc. v. Sum Holding L.P.,
    949 F.2d 42, 46-48 (2d Cir.1991).............................................................................................2

Ezekwo v. New York City Health & Hosps. Corp.,
    940 F.2d 775, 781 (2d Cir. 1991).............................................................................................7

Friedl v. City of New York,
    210 F.3d 79, 85-86 (2d Cir. 2000)..........................................................................................10

Galabya v. New York City Bd. of Educ.,
    202 F.3d 636, 640 (2d Cir. 2000).............................................................................................9

Hanig v. Yorktown CSD,
    384 F.Supp.2d 710 (S.D.N.Y. 2005).......................................................................................2

Harlow v. Fitzgerald,
    457 U.S. 800, 818 (1982)......................................................................................12, 13

Hirsh v. Arthur Andersen & Co.,
    72 F.3d 1085, 1088 (2d Cir. 1995)...................................................................................4

Hishon v. King & Spaulding,
    467 U.S. 69, 73 (1984)......................................................................................................3

H.J. Inc. v. Northwestern Bell Tel. Co.,
    492 U.S. 229, 249-50 (1989).............................................................................................3

Hollander v. American Cyanamid Co.,
    895 F.2d 80 (2d Cir.1990)...............................................................................................11

Kaminsky v. Rosenblum,
    929 F.2d 922, 925 (2d Cir.1991).....................................................................................12

Lee v. State of N.Y. Dep't of Corr. Servs.,
    No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug. 30, 1999).......................2

Levich v. The Liberty Central School Dist.,
    361 F.Supp.2d 151,164. (S.D.N.Y. 2004).........................................................................9

Malley v. Briggs,
    475 U.S. 335, 345 (1986)............................................................................................... 13

Mitchell v. Forsyth,
    472 U.S. 511, 526 (1985)................................................................................................13

Morris v. Lindau,
    196 F.3d 102, 110 (2d Cir. 1999)...............................................................4, 5, 9, 10, 11

Mt. Healthy City School District. Bd. of Educ.,
    429 U.S. 274 (1977).......................................................................................................10

Phillips v. Bowen,
    278 F.3d 103, 109 (2d Cir. 2002).................................................................................... 9

Podell v. Citicorp Diners Club, Inc.,
    112 F.3d 98, 100 (2d Cir. 1997).......................................................................................9

Saulpaugh v. Monroe Community Hosp.,
    4 F.3d 134 (2d Cir. 1993)..................................................................................................8

Scott v. Coughlin,
    344 F.3d 282, 287-88 (2d Cir. 2003)................................................................................8

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236, 240 (2d Cir. 2002).....................................................................................4

Tiltti v. Weise,
    155 F.3d 596, 602-03 (2d Cir. 1998)................................................................................7

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas,
    No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001)..............................2

Verri v. Nanna,
    972 F.Supp. 773, 785 (S.D.N.Y. 1997)............................................................................5

Washington v. County of Rockland,
    373 F.3d 310, 320 (2d Cir. 2004)............................................................................4, 8, 10

Weintraub v. Bd. of Educ. of the City of New York,
    423 F.Supp.2d 38, 51 (E.D.N.Y. 2006)............................................................................7

White Plains Towing Corp. v. Patterson,
    991 F.2d 1049, 1058 (2d Cir. 1993).........................................................................5, 7,10

**AMENDMENTS, STATUTES, RULES & REGULATIONS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure

First Amendment to the United States Constitution

42 U.S.C. § 1983

**PRELIMINARY STATEMENT**

Defendant, PAULA MARRON (hereinafter "Marron"), by and through her attorneys, RUTHERFORD & CHRISTIE, LLP, respectfully submit this Memorandum of Law in support of their Motion to Dismiss plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted. Also submitted in support of the instant motion is the Declaration of Lewis R. Silverman, with exhibits annexed thereto.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant respectfully submits that the plaintiff's Complaint should be dismissed as a matter of law as it fails to state a claim upon which relief can be granted because: (1) the plaintiff's speech at her prior employment is not a matter of public concern, and therefore, is not protected speech as required to establish a retaliation claim; (2) the plaintiff's forgery complaint is not a matter of public concern, and therefore, is not protected speech as required to establish a retaliation claim; (3) the plaintiff did not suffer an adverse employment action at the hands of Marron, as is required to establish a retaliation claim; (4) the plaintiff cannot establish a causal connection between her alleged protected speech and an alleged adverse action; and (5) Marron is entitled to qualified immunity.

**STATEMENT OF FACTS**

The plaintiff was employed by the Mamaroneck Union Free School District (hereinafter the "District") as a probationary Special Education Teacher since 2004 and was assigned to the

Chatsworth Avenue Elementary School (hereinafter "Chatsworth"). See Exhibit "A", at ¶ 3.[1] The plaintiff's tenure was to be considered at the end of the last school year, 2006/2007. Id. Marron at all relevant times was the Assistant Principal at Chatsworth. See Exhibit "A", at ¶ 4.

The plaintiff was previously employed in the Henrico County Public Schools (hereinafter "Henrico Schools") in Richmond, Virginia. See Exhibit "A", at ¶ 10. During her employment with the Henrico Schools, the plaintiff made repeated expressions of concern regarding the abuse of the students by another special education teacher, Betty Moore (hereinafter "Moore"). As a result, Moore was terminated by the Henrico Schools, prosecuted, and sentenced to prison. Id.

On December 7, 2006 Marron conducted an observation of the plaintiff and compiled a written report based on such observation, and the pre-observation and post-observation conferences. The written report of this observation was overall favorable to the plaintiff. See Exhibit "B".[2] The plaintiff received from Marron a copy of the observation report on January 9, 2007, which the plaintiff claims was forged by Marron. Marron denied forging the observation report. See Exhibit "A", at ¶¶ 11,12; see also Exhibit "B". The alleged forgery was reported to the police department and the plaintiff retained a handwriting expert, who determined that

---

[1] All references to Exhibits "A"-"B" refer to the exhibits annexed to the Declaration of Lewis R. Silverman, submitted in support of the defendant's motion to dismiss.

[2] Inasmuch as the plaintiff's allegations are, for the purposes of this motion only, assumed to be true, the Court can and should consider the documents plaintiff references in her Complaints. "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." Hanig v. Yorktown CSD, 384 F.Supp.2d 710 (S.D.N.Y. 2005) (citing Federal Rule of Civil Procedure 10[c]; Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir.1991); Lee v. State of N.Y. Dep't of Corr. Servs., No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug. 30, 1999); U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("The Court can consider documents referenced in the Complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing their suit.")). Consequently, the observation report dated December 7, 2006 is cited herein and should be considered on this motion.

Marron had signed the plaintiff's signature. See Exhibit "A", at ¶¶ 13,14.

Defendant Rosemary Coletti, according to the allegations of the Complaint, demanded that the plaintiff submit her written resignation, but the plaintiff refused, claiming that she had been victimized by the defendants. Id., at ¶¶ 15. On or about March 2, 2007 defendants Rosemary Coletti and Steven Castar informed the plaintiff that she was being denied tenure with the District. Id., at ¶ 16.

On or about April 10, 2007 the plaintiff commenced the instant lawsuit seeking compensatory and punitive damages resulting from the defendants' alleged retaliatory conduct in violation of her rights under the First Amendment to the United States Constitution. Specifically, the plaintiff alleges the defendants' denied her tenure in retaliation for her prior speech while employed at the Henrico County Public Schools and her accusations for forgery against Marron. See Exhibit "A".

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989), *quoting*, Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The district court should grant a motion to dismiss, after viewing the plaintiff's allegations in a favorable light, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bolt Elec. Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). The plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). In

general, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); see also Hirsh v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir. 1995).

**ARGUMENT**

**POINT I:     PLAINTIFF'S 42 U.S.C. § 1983 RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE THE PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE**

To survive a motion to dismiss, a plaintiff asserting First Amendment retaliation claims under 42 U.S.C. § 1983 must proffer non-conclusory allegations establishing that: (1) his or her speech was constitutionally protected; (2) he or she suffered an adverse employment action; and (3) a causal connection exists between the speech and the adverse employment action so that it can be said that the speech was a motivating factor in the determination. See Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir. 2004), *citing*, Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999). In the instant case, the plaintiff's retaliation claim against Marron should be dismissed because the Complaint fails to allege sufficient facts to establish: (1) her speech was constitutionally protected; (2) that she suffered an adverse employment action at the hands of Marron; and/or (3) a causal connection between any protected speech and the decision to deny her tenure.

**A.     The Plaintiff's Speech Is Not a Matter of Public Concern**

In order to succeed on a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must first show that her speech was actually constitutionally protected. A public employee's speech is constitutionally protected if it touches on a matter of public concern. See

4

Connick v.Meyers, 461 U.S. 138, 145 (1983); see also Morris, 196 F.3d at 110. The question of whether speech is a matter of public concern and deserving of protection under the First Amendment is one of law, and is to be decided by the Court. See Connick, 461 U.S. at 148 n. 7, 150 n. 10. The courts have held that to determine whether speech is a matter of public concern, the content, form, and context of a given statement must be examined. See Cioffi v. Averill Park Central School Dist. Bd. of Educ. 444 F.3d 158, 163-64 (2d Cir. 2006). Speech that relates to any matter of political, social, or other concern to the community constitutes public concern. See Cioffi 444 F.3d at163-64; see also Connick, 461 U.S. at 147-48; see also Morris, 196 F.3d at 110. The Supreme Court has held that matters of public concern are those that are the "subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication." See City of San Diego, Cal. v. Roe, 543 U.S. 77, 83-84 (2004). A public employee's speech regarding "purely personal interest or internal office affairs does not constitute a matter of public concern" and is not constitutionally protected. See Cahill v. O'Donnell, 75 F.Supp.2d 264, 272 (S.D.N.Y. 1999); *citing*, Verri v. Nanna, 972 F.Supp. 773, 785 (S.D.N.Y. 1997); see also White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1058 (2d Cir. 1993).

      **1. The Plaintiff's Speech During Her Employment with the Henrico Schools is Not a Matter of Public Concern to the District Community**

The plaintiff claims that in the Fall of 2006 the defendants learned that while the plaintiff was employed in the Henrico Schools, she had repeatedly expressed concern regarding the abuse of students by another special education teacher and that these concerns were widely reported in the media. She claims that after learning this, the defendants retaliated against her by denying her tenure in violation of her First Amendment rights. See Exhibit "A", at ¶¶ 10,15,16,18-19.

However, her speech while employed at the Henrico School is not a matter of public concern in the instant case, and therefore, is not constitutionally protected.

As the courts have held, the plaintiff's speech during her employment with the Henrico Schools must be examined in terms of its context, form, and content.  See Cioffi, 444 F.3d at 164.  While these statements may have been related to matters of public concern in the Henrico School's community at the time they were made, they are certainly not in the instant case.  The plaintiff began her employment with the District in 2004, which means the speech at issue, which occurred during her employment with the Henrico Schools, was made prior to 2004.  Moreover, the plaintiff's speech concerned a district, teacher, and students in Richmond, Virginia and was in no way related to the instant District, its teachers, students, or community.  When the plaintiff made these statements several years ago, they were clearly were not of political, social, or other concern to, nor did they related to a legitimate news interest of, the District and/or the Mamaroneck community.  See City of San Diego, Cal., 543 U.S. at 83.  Therefore, the plaintiff's speech during her employment with the Henrico School is not constitutionally protected and she cannot establish a retaliation claim**.**

**2.  The Plaintiff's Forgery Complaints Are Not a Matter of Public Concern**

The plaintiff alleges that Marron forged her signature on the report of the December 7, 2006 observation.  She further alleges that she confronted Marron about the alleged forgery, which Marron denied, and that the police were notified of the alleged forgery.  See Exhibit "A", at ¶¶ 11-13.  According to the plaintiff, as result of her forgery complaints, the defendants retaliated against her by denying her tenure.  See Exhibit "A", at ¶¶ 15-16.  However, the plaintiff's alleged complaints of forgery are not a matter of public concern.

The Second Circuit has held that when an individual speaks as an employee, and not as citizen, regarding matters of personal interest or internal office affairs, such speech is not protected for purposes of a First Amendment retaliation claim.  See White Plains Towing Corp., 991 F.2d at 1058, *quoting*, Connick, 461 U.S. at 147; see also Cahill, 75 F.Supp.2d at 272. Statements on matters of personal interest, including private employee grievances, personnel decisions, and disciplinary policies are not constitutionally protected.  See Tiltti v. Weise, 155 F.3d 596, 602-03 (2d Cir. 1998); see also Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 781 (2d Cir. 1991)(holding that a medical resident's complaints regarding unsatisfactory program were personal in nature and that she was not concerned with the public welfare but rather her own reputation and individual development, and thus, her statements were not constitutionally protected.); see also Weintraub v. Bd. of Educ. of the City of New York, 423 F.Supp.2d 38, 51 (E.D.N.Y. 2006)(speech not motivated by a desire to improve public service or protect the public, such as disruptive complaints from employees who seek to advance their personal stake or complain about matter not connected to public policy are in fact, actionable by employers).

Here, the plaintiff's complaints regarding forgery reflect one teacher's grievance with one administrator over a single observation.  When voicing such complaints, the plaintiff was not seeking to protect the District community, but rather to protect her own personal interest and air her grievance regarding a classroom observation, which is an internal District issue.  The plaintiff's accusations regarding the signature and submission of the December 7, 2006 observation report were certainly not of political, social, or other concern to the District residents, and related only to the internal issues regarding classroom observations.  See

Saulpaugh v. Monroe Community Hosp., 4 F.3d 134 (2d Cir. 1993) (holding plaintiff's complaints of sexual harassment were personal in nature and related to her own individual employment situation). The plaintiff's complaints regarding Marron's alleged forgery of the observation report are statements on matters of personal interest and thus, not constitutionally protected.

      **B.**    **The Plaintiff Did Not Suffer An Adverse Action at the Hands of Marron**

To succeed on a claim of First Amendment retaliation claim against Marron, the plaintiff must prove that she suffered an adverse employment action at the hands of Marron. See Washington, 373 F.3d at 320; see also Scott v. Coughlin, 344 F.3d 282, 287-88 (2d Cir. 2003). The plaintiff did plead that she was subject to an adverse action, the denial of tenure. However, the plaintiff has failed to allege sufficient facts to establish that Marron took any adverse action against her or had role in the decision to deny the plaintiff tenure.

The plaintiff alleges that defendant Coletti with the concurrence of her co-defendants demanded her resignation. She further alleges that later, defendants Coletti and Castar, with the concurrence of their co-defendants informed her that she was being denied tenure. See Exhibit "A", at ¶¶ 15,16. Marron was the Assistant Principal of Chatsworth, and as such, did not have the authority regarding tenure decisions as did the Superintendent of Schools, Board of Education, and Principal. The plaintiff has failed to sufficiently allege that Marron had any involvement in the decision to deny her tenure, and has merely asserted conclusory allegations that Marron concurred with the denial of tenure. The plaintiff "cannot rely on mere conclusory allegations, but must produce 'some affirmative indication that his version of relevant events is

not fanciful.'"  See Cahill, 75 F.Supp.2d 264, *citing*, Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 100 (2d Cir. 1997).

The only specific allegations that Marron had involvement with the plaintiff's employment are that Marron forged the plaintiff's signature on the observation report.  See Exhibit "A", at ¶¶ 11-15.  Adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand, but may also include lesser actions.  See Morris, 196 F.3d at 110; see also Phillips v. Bowen, 278 F.3d 103, 109 (2d Cir. 2002).  An employment action will be considered adverse if the employee suffers materially adverse changes in the terms and conditions of his or her employment.  See Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); see also Levich v. The Liberty Central School Dist., 361 F.Supp.2d 151,164. (S.D.N.Y. 2004).  The plaintiff has not alleged that the act of Marron's alleged forgery of the observation report lead to any materially adverse changes in the terms and conditions of her employment.  In addition, the observation report is positive and favorable to the plaintiff, and thus, she cannot claim that Marron's writing of the observation report itself was an adverse employment action.  See Exhibit "B".

Furthermore, even assuming the plaintiff's forgery allegation against Marron to be true, such an act does not meet the requisite standard.  See Phillips, 278 F.3d at 109 (to prove a claim of retaliation in situation other than the classic examples of discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand, the plaintiff must show, under an objective standard, that the "total circumstances of her working environment changed to become unreasonably inferior and adverse"). "Incidents that are relatively minor and infrequent will not meet the standard, but otherwise minor incident that occur often and over a longer period of time

9

may be actionable if they attain the critical mass of unreasonable inferiority." Id. The alleged forgery of the December 7, 2006 observation report by Marron was a single, isolated event and Marron did not engage in conduct that created an unreasonably inferior or adverse working environment for the plaintiff. Therefore, the plaintiff has failed to allege sufficient facts to establish she endured an adverse employment action at the hands of Marron.

### C. The Plaintiff Cannot Establish a Causal Connection

To succeed on retaliation claim under 42 U.S.C. § 1983, the causal connection must be sufficient to warrant the inference that the protected speech was a substantial motivating factor in the adverse employment action and that the adverse employment action would not have been taken absent that employee's protected speech. See Washington, 373 F.3d at 320-21; see also White Plains Towing, 991 F.2d at 1058; see also Mt. Healthy City School District. Bd. of Educ., 429 U.S. 274 (1977). In order to establish the required causal connection, the plaintiff must provide more than uncorroborated claims of retaliation allegedly arising from protected speech and "such claims must be supported by specific and factual detailed allegations." See Friedl v. City of New York, 210 F.3d 79, 85-86 (2d Cir. 2000). The plaintiff may not rely on conclusory allegations of retaliatory motive; he must provide some "tangible proof" demonstrating retaliatory intent. See Washington, 373 F.3d at 321. The plaintiff may establish the requisite causation indirectly by showing that the alleged protected speech was closely followed in time by the alleged adverse employment action or with direct evidence of retaliatory animus. See Morris, 196 F.3d at 110; see also Cioffi, 444 F.3d at 168.

Here, the plaintiff has only made conclusory, unsupported allegations that Marron's took any alleged adverse actions due to retaliatory animus. Moreover, the plaintiff's retaliation claim

should be dismissed because there is lack of temporal proximity between the alleged protected speech and the alleged retaliatory conduct. The significance of temporal proximity with regard to an alleged adverse employment action and the plaintiff's protected speech was discussed in Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free School Dist., 411 F.3d 306 (2d Cir. 1995). There, the plaintiff addressed the Board of Education at a meeting regarding actions allegedly taken against her by her supervisor. Id. at 308. More than one year passed between the plaintiff's complaint and any disciplinary proceedings. Id. at 314. The Second Circuit ruled that "the passage of time and the Board's actions defeat[ed] any showing of causation." Id; see also Hollander v. American Cyanamid Co., 895 F.2d 80 (2d Cir. 1990)(three months between adverse act and the protected activity was dispositive regarding the issue of causation in a case of age discrimination.)

      Here, the plaintiff's speech during her employment with the Henrico Schools was made prior to 2004. See Exhibit "A", at ¶ 10. However, the plaintiff was informed that the District was denying her tenure on or about March 2, 2007. See Exhibit "A", at ¶ 16. The alleged retaliatory act occurred at least three years after the alleged protected speech, and thus, the temporal proximity is too far attenuated. See Morris, 196 F.3d at 113 (since two years elapsed between the plaintiff's protected speech and his discharge, an inference of causation was not justified). Since the plaintiff has failed to plead anything other than conclusory allegations of retaliatory animus and there is a lack of temporal proximity between any alleged protected speech and any alleged retaliatory conduct, the plaintiff cannot establish the causal connection required to sustain a retaliation claim.

Accordingly, because the plaintiff has failed to plead sufficient factual allegations to establish: (1) that her speech was constitutionally protected; (2) that she suffered an adverse employment action at the hands of Marron; and/or (3) a causal connection between any protected speech and the decision to deny her tenure, her 42 U.S.C. § 1983 claim should be dismissed as a matter of law.

**POINT II:    DEFENDANT MARRON IS ENTITLED TO QUALIFIED IMMUNITY**

The plaintiff has included Marron as a defendant in her individual capacity only. Public officials, including school district employees and administrators, are shielded by qualified immunity from liability for damages that related to their performance of discretionary official functions, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The availability of the defense turns on the "objective legal reasonableness" of the allegedly unlawful action, "asserted in light of the legal rules that were 'clearly established' at the time it was taken." See Anderson v. Creighton, 483 U.S. 635, 639 (1987), *quoting*, Harlow, 457 U.S. at 818-19. Even if the constitutional right in question is clearly established, a government actor may still be shielded by qualified immunity if "it was objectively reasonable for the public official to believe that his acts did not violated those rights." See Kaminsky. v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991).

"The relevant question …[i]s whether a reasonable officer could have believed [his or her] conduct to be lawful, in light of clearly established law and the information the…officers possessed." Anderson, 483 U.S. at 641. A reasonable competent official must be able to determine in advance that the actions were unconstitutional. Id. at 640. If reasonably competent

officials would have taken the challenged action or could disagree on the issue, the defendant is entitled to qualified immunity.  See Malley v. Briggs, 475 U.S. 335, 345 (1986).  In Malley, the Supreme Court applied the "objective standard" for qualified immunity established by the Court in Harlow in a case involving Fourth Amendment rights.  See Malley, 475 U.S. 335; Harlow, 458 U.S. at 800.  The Court held that qualified immunity protected all officials except those who knowingly violate the constitution or those who are plainly incompetent.  Id.

The principle of qualified immunity is "an immunity from suit rather than the mere defense to liability; and like absolute immunity it is effectively lost if the case is erroneously permitted to go to trial."  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  In Anderson, the Supreme Court held that qualified immunity questions should be resolved at the earliest possible stage of litigation, "either in a motion to dismiss, or, after limited discovery on a limited question of objective reasonableness of the challenged action, in a motion for summary judgment." Anderson, 483 U.S. at 646, n. 6.  The Court explained that the application of qualified immunity is important, because it is inevitable that officials will in some cases reasonably, but mistakenly take actions that are later found to be improper and, in such a case, those officials who act in ways they reasonably believe to be lawful should not be held personally liable. Id. at 641.

While it cannot be disputed that it is clearly established that a public employee may, under certain circumstances not involving the performance of their job duties, have a right to speak on matters of public concern, here, the actions taken by the individual defendant Marron were objectively reasonable in light of the known circumstances.  Marron is entitled to qualified immunity against any claims of retaliation in the plaintiff's Complaint.  Marron, in conformance with her duties as a District administrator, conducted a single classroom observation of the

plaintiff. She did not have any role in the decision to deny the plaintiff tenure with the District. Clearly, where school administrators are responsible for classroom observations, they must perform those responsibilities. Even assuming plaintiff's forgery allegations against Marron to be true, which we do only for purposes of this motion to dismiss, as previously discussed, such a forgery was not an adverse employment action. Consequently, it was objectively reasonable for Marron to believe she was not violating any of the plaintiff's clearly established constitutional rights.

Qualified immunity, therefore, applies to Marron and the retaliation claim against her in her individual capacity should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, the defendant's motion should be granted and the plaintiff's Complaint should be dismissed in its entirety, with prejudice, against the defendant Marron as a matter of law.

Dated: New York, New York
       July 25, 2007

>                   Respectfully submitted,
>
>           **RUTHERFORD & CHRISTIE, LLP**
>
>
>           By: s/ Lewis R. Silverman
>           Lewis R. Silverman (LS 9723)
>           Attorneys for Defendant,
>           PAULA MARRON
>           300 East 42nd Street, 18th Floor
>           New York, New York 10017
>           (212) 599-5799

TO:    LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401
Attention: Jonathan Lovett, Esq.

MIRANDA, SOKOLOFF, SAMBURSKY,
SLONE, VERVENIOTIS, LLP
Attorneys for Defendants,
PAUL R. FRIED, STEVEN CASTAR,
ROSEMARY COLETTI, BARBARA
MERLING, MAMARONECK UNION
FREE SCHOOL DISTRICT
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Attention:    Adam J. Kleinberg, Esq.