# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

APR 1 8 2007
DISTRICT CLERK
MAMARONECK
UFSD

NANCY NAGLE,

          Plaintiff,

-against-

PAULA MARRON, individually, PAUL R. FRIED, individually, STEVEN CASTAR, individually, ROSEMARY COLETTI, individually, BARBARA MERLING, individually, and the MAMARONECK UNION FREE SCHOOL DISTRICT, New York,

          Defendants

**SUMMONS IN A CIVIL ACTION**

Case No.

**07 CIV. 2860**

**ROBINSON**

**TO:** (Name and Address of Defendant)

PAULA MARRON, Chatsworth Avenue School, Chatsworth Avenue, Mamaroneck, New York

PAUL R. FRIED, Superintendent, Mamaroneck Public Schools, 1000 West Boston Post Road, Mamaroneck, New York

STEVEN CASTAR, Chatsworth Avenue School, Chatsworth Avenue, Mamaroneck, New York

ROSEMARY COLETTI, Assistant Superintendent, Mamaroneck Public Schools, 1000 West Boston Post Road, Mamaroneck, New York

BARBARA MERLING, Psychologist, Mamaroneck Public Schools, 1000 West Boston Post Road, Mamaroneck, New York

MAMARONECK UNION FREE SCHOOL DISTRICT, 1000 West Boston Post Road, Mamaroneck, NY

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**          APR 1 0 2007
CLERK                                         DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NANCY L. NAGLE,

                Plaintiff,

-against-

PAULA MARRON, individually, PAUL
R. FRIED, individually, STEVEN CASTAR,
individually, ROSEMARY COLETTI,
individually, BARBARA MERLING,
individually, and the MAMARONECK
UNION FREE SCHOOL DISTRICT,
New York,

                Defendants.

------------------------------------------------------------x



07 Civ. (     )

COMPLAINT

07 CIV. 2860

ROBINSON

Jury Trial Demanded

Plaintiff NANCY L. NAGLE, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from jointly engaged-in conduct by Defendants who were acting under color of the laws of the State, for violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff is a citizen of the United States, a domiciliary of the State of New York, and a resident of the County of Kings. At all times relevant to this complaint she has been employed by the Defendant District, commencing in 2004, on a probationary basis as a Special Education Teacher assigned to the District's Chatsworth Avenue School (hereinafter "Chatsworth"). But for the events referenced *infra* she would have been granted tenure at the conclusion of the current school year.

4. Defendant PAULA MARRON (hereinafter "Marron"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the Defendant District as the Assistant Principal at Chatsworth.

5. Defendant PAUL R. FRIED (hereinafter "Fried"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the District as its Superintendent of Schools.

6. Defendant STEVEN CASTAR (hereinafter "Castar"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the District as the Principal at Chatsworth.

7. Defendant ROSEMARY COLETTI (hereinafter "Coletti"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the District as its Assistant Superintendent of Schools/Director of Human Resources.

8. Defendant BARBARA MERLING (hereinafter "Merling"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed by the District as a School Psychologist.

9. Defendant MAMARONECK UNION FREE SCHOOL DISTRICT, New York (herein "District"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The District has its principal offices for the conduct of business in the County of Westchester, New York.

## THE FACTS

10. During the Fall of 2006 Defendants learned (by reason of a "Google" search done with respect to Plaintiff by Merling) that while previously employed in the Henrico County Public Schools in Richmond, Virginia, she had engaged in whistle blowing activities as a result of which a special education teacher in that District (Betty Moore) was successfully prosecuted for assaulting her students and sentenced to prison. Moore's employment by the Henrico County Public Schools was also terminated as a result of Plaintiff's repeated expression of concern regarding the abuse to which Moore's students had been subjected. In that connection Plaintiff's activities were widely reported in the media.

11. On January 9, 2007, Plaintiff received from Marron an administrative observation report on which Plaintiff's signature had been forged, apparently by Marron.

12. Plaintiff confronted Marron with respect to the apparent forgery and Marron denied wrong doing.

13. Plaintiff thereafter reported the apparent forgery to the Mamaroneck Teacher's Association and as a result a demand was made by that Association's President that Castar notify the police about the circumstances. Castar reported the Association's demand to Fried who in turn notified the police.

14. On March 19, 2007, the Association's President delivered to Fried an expert report regarding the handwritten apparently forged signature on the observation report -- obtained by Plaintiff at her expense -- that concluded on the basis of a series of handwriting exemplars made by Marron that Marron in fact had forged Plaintiff's signature. No action, disciplinary or otherwise, was taken by Marron's co-defendants with respect to her committed the forgery.

15. By reason of Plaintiff's publicized actions as taken in the Henrico County Public Schools and her forgery complaint with respect to Marron, Coletti with the prior concurrence of her co-defendants demanded that Plaintiff submit a written resignation to the District. Plaintiff refused on the premise that she had done nothing wrong and at least three times had been victimized by the Defendants who:

    a. Vocalized their conclusion that Plaintiff was a "trouble maker" because of the reported events concerning the Henrico County Public Schools incident,

    b. Repeatedly, unprofessionally discussed the forgery complaint with staff in meetings where any such discussions were improper, and, *inter alia*,

    c. Falsely accused Plaintiff of "staging" the forgery.

16. Under these circumstances on or about March 2, 2007, Coletti and Castar, acting on behalf of and with the prior agreement of their co-defendants, informed Plaintiff that she was being denied tenure.

76. By reason of Defendants' conduct Plaintiff has been caused to suffer: irreparable damage to her professional career; emotional upset; anxiety; public humiliation; public embarrassment; shame; public degradation; and has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

19. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

b. Awarding against all Defendants such compensatory damages as the jury may determine, along with an award of reasonable attorney's fees and costs, and,

c. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
April 4, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401